UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RICARDO LOPEZ JOHNSON,

    Petitioner,

v.                                                                          CASE NO. 6:07-cv-823-Orl-31DAB

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 6). Respondents filed a response to the petition in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 10). Petitioner filed a reply to the response (Doc. No. 16).

Petitioner alleges one claim for relief in his petition, that his collateral counsel rendered ineffective assistance during the evidentiary hearing on his Florida Rule of Criminal Procedure 3.800(a) motion to correct illegal sentence. As discussed hereinafter, the Court concludes that the petition is untimely and must be dismissed.

*I.     Procedural History*

In 1995, Petitioner was charged by information with one count of robbery. (App. A.) On December 5, 1996, Petitioner entered a plea of no contest in the Eighteenth Judicial

Circuit Court of Florida, in criminal case number 95-3079-CFA[1] (App. B at 20-22).  The trial court subsequently sentenced Petitioner to a 120-month term of imprisonment.  (App. C at 9.)  Petitioner appealed his judgment and sentence.  The Fifth District Court of Appeal of Florida *per curiam* affirmed.  Mandate was issued on December 19, 1997.  (App. D.)

Petitioner filed a Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief on December 22, 1997.  (App. E at 17.)  The state trial court granted the Rule 3.850 motion, vacated the plea and sentence, and directed a trial to be conducted.  (App. F at 152-53.)

After a jury trial, Petitioner was found guilty as charged.  (App. G.)  The state trial court sentenced Petitioner as a habitual offender to a thirty-year term of imprisonment.  (App. H at 573.)  Petitioner appealed his conviction and sentence.  The Fifth District Court of Appeal of Florida *per curiam* affirmed on March 5, 2002, (App. L), and mandate was issued on March 22, 2002.  (App. M.)

On April 8, 2002, Petitioner filed a Rule 3.850 motion, which the state trial court denied.[2]  (App. O.)  Petitioner appealed, and the appellate court *per curiam* affirmed on June

---

[1] On the same date, Petitioner also entered a plea of no contest to criminal charges pending in other criminal cases.  In the instant petition, however, Petitioner is only challenging his sentence in criminal case number 95-3079-CFA.

[2] This is the filing date under the "mailbox rule."  *See Thompson v. State*, 761 So. 2d 324, 326 (Fla. 2000) ("[W]e will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date, if that the pleading would be timely filed if it had been received and file-stamped by the Court on that particular date.").  All further references to the filing date of pleadings by Petitioner shall be the filing date under the mailbox rule, unless otherwise noted.

4, 2002.  (App. P.)  Mandate was issued on June 21, 2002.  (App. Q.)

On March 26, 2003, Petitioner filed a state petition for writ of habeas corpus.  (App. R.)  The Fifth District Court of Appeal of Florida summarily denied the petition on May 13, 2003.  (App. T.)  Petitioner sought review from the Supreme Court of Florida.  (App. U.)  On October 13, 2003, the Court dismissed the petition based on lack of jurisdiction.  *Id.*

On February 18, 2004, Petitioner filed a Florida Rule of Criminal Procedure Rule 3.800(a) motion to correct illegal sentence.  (App. V.)  The state trial court denied the motion, and Petitioner appealed.  (App. W.)  The appellate court reversed and remanded.  (App. X.)  On remand, the state trial court conducted an evidentiary hearing and denied the motion. (App. Y & Z.)  Petitioner appealed, and the appellate court *per curiam* affirmed on September 20, 2005.  (App. AA.)  Mandate was issued on December 5, 2005.  (App. BB.)

On February 1, 2006, Petitioner filed a second Rule 3.800(a) motion to correct illegal sentence, (App. CC.), which the state trial court dismissed as successive.  (App. DD.)  Petitioner appealed, and on November 9, 2006, the appellate court affirmed and barred Petitioner from filing any further *pro se* pleadings in the case.  (App. EE.)  Mandate was issued on November 29, 2006.  (App. FF.)

Petitioner filed a habeas petition in this Court on approximately May 11, 2007.[3]  However, he failed to sign the petition, and the Court struck it and ordered him to file a signed petition. (Doc. No. 4.)  On May 28, 2007, Petitioner filed the instant habeas petition. (Doc. No. 6.)

---

[3]This is the postage date of the petition.

II.   *Petitioner's Habeas Corpus Petition is Untimely*

Pursuant to 28 U.S.C. § 2244:

(d)(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

(2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

In the present case, the appellate court entered its order of affirmance on March 5, 2002. Petitioner then had ninety days, or through June 3, 2002, to petition the United States Supreme Court for writ of certiorari. *See* Sup. Ct. R. 13. Thus, under § 2244(d)(1)(A), the judgment of conviction became final on June 3, 2002, and Petitioner had through June 3, 2003, absent any tolling, to file a federal habeas corpus petition. *See Bond v. Moore*, 309 F.3d

770, 774 (11th Cir. 2002) (holding that the one-year period of limitation does not begin to run until the ninety day period for filing a petition for certiorari with the United States Supreme Court has expired).

Under § 2244(d)(2), the one year was tolled during the pendency of Petitioner's "properly filed" state post-conviction proceedings. On April 8, 2002, before Petitioner's conviction became final, Petitioner filed a Rule 3.850 motion, which tolled the limitation period through June 21, 2002, when mandate was issued. Petitioner then had through June 21, 2003, or one year, to file the instant habeas petition. On March 26, 2003, Petitioner filed a state petition for writ of habeas corpus. At that time, 278 days of the one-year period had expired. The time was tolled through October 13, 2003, when the Supreme Court of Florida declined to exercise jurisdiction in the case. Petitioner then had 87 days in which to file the instant petition, or through January 8, 2004. The instant petition was not filed until approximately May 11, 2007, therefore, it is untimely.[4]

Petitioner appears to claim that the one-year period is subject to equitable tolling because (a) on approximately August 18, 2002, he hired an attorney to initiate a state habeas proceeding alleging ineffective assistance of counsel, however, the attorney failed to do so and was subsequently publicly reprimanded by the Supreme Court of Florida; and

---

[4]The Court is aware that Petitioner filed other state collateral proceedings; however, because the one-year period concluded before he initiated those actions, the tolling provision of section 2244(d)(2) does not apply to those state collateral proceedings. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

(b) he has a history of mental illness. *See* Doc. No. 16. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 125 S.Ct. 1807, 1814 (2005). Moreover, Petitioner has the burden of showing extraordinary circumstances, and this Court must "take seriously Congress's desire to accelerate the federal habeas process, and will only authorize extensions when this high hurdle is surmounted." *Calderon v. United States District Court*, 128 F.3d 1283, 1289 (9th Cir. 1997), *vacated on other grounds*, 163 F. 3d 530 (9th Cir. 1998).

Petitioner's allegations simply do not rise to the level of extraordinary circumstances beyond his control which warrant equitable tolling of the one-year period set forth in 28 U.S.C. § 2244(d). Moreover, Petitioner has not established that he diligently pursued his rights. The Eleventh Circuit has repeatedly held that "'attorney negligence is not a basis for equitable tolling, especially when the petitioner cannot establish his own diligence in ascertaining the federal habeas filing deadline.'" *Lawrence v. Florida*, 421 F.3d 1221, 1226 (11th Cir. 2005) (quoting *Howell v. Crosby*, 415 F.3d 1250, 1250 (11th Cir. 2005)), *aff'd*, 127 S. Ct. 1079 (2007).

In the instant case, after Petitioner's counsel failed to file a state habeas petition on his behalf, Petitioner filed a *pro se* state habeas petition on March 26, 2003. At that time, 87 days remained in which Petitioner could have filed the instant petition. However, when his state habeas proceeding concluded, Petitioner waited 128 days before initiating his first Rule 3.800(a) motion to correct illegal sentence. After the proceedings in his first Rule

3.800(a) motion concluded, Petitioner waited an additional 58 days to file his second Rule 3.800(a) motion, which the state appellate court subsequently denied as successive. Finally, Petitioner waited approximately 163 days after the disposition of his second Rule 3.800(a) motion to file the instant petition.[5]

Similarly, Petitioner's contention that equitable tolling should apply because he has a history of mental illness is without merit. "Illness - mental or physical - tolls a statute of limitations only if it actually prevents the sufferer from pursuing his legal rights during the limitations period." *Price v. Lewis*, 119 Fed. Appx. 725, 726 (6th Cir. 2005) (citing *Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir. 1996)); *Rhodes v. Senkowski*, 82 F. Supp. 2d 160, 168-70 (S.D.N.Y. 2000); *see also Lawrence*, 421 F.3d at 1226-27 (11th Cir. 2005) (concluding equitable tolling was not warranted because the petitioner failed to "establish a causal connection between his alleged mental incapacity and his ability to file a timely petition"). Petitioner has neither alleged nor established that his purported history of mental illness prevented him from filing the instant petition within the one-year limitation. As discussed *supra*, Petitioner filed numerous state collateral proceedings during the one-year limitation despite his alleged history of mental illness. Thus, he has not shown that his illness prevented him from timely filing the instant habeas petition.

Any of Petitioner's allegations that attempt to excuse his failure to file the instant

---

[5]Moreover, even assuming that equitable tolling was warranted from August 18, 2002, through March 26, 2003, when Petitioner filed his *pro se* state habeas petition, the instant petition would still be untimely. Including equitable tolling and tolling for his properly filed state collateral proceedings, Petitioner filed the instant habeas petition approximately forty-two days after the one-year limitation expired.

7

petition within the one-year period of limitation and that are not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1. This case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

**DONE AND ORDERED** at Orlando, Florida, this 18th day of April, 2008.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
sc 4/18
Ricardo Lopez Johnson
Counsel of Record